IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK B. LEVY                    :
                                :
     v.                         :  Civil Action No. DKC 09-2552
                                :
City of New Carrollton,         :
et al.                          :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case arising under 42 U.S.C. § 1983 is a motion to dismiss, or alternatively for summary judgment (Paper 3). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion to dismiss will be granted.

I. **Background**

Plaintiff Mark B. Levy is a Maryland resident currently residing at 7300 Gavin Street in New Carrollton. Defendants are the City of New Carrollton and Police Office David Ladd. Over the last several years, Plaintiff and his father have filed multiple lawsuits against the City of New Carrollton and several of its employees, including elected officials and police officers, in this court and in the Circuit Court for Prince George's County. This court has written extensive background information on the facts in this case in previous memoranda and

will not recount those same facts here.  (*See* DKC 06-2598, Paper 104).

The instant action includes allegations that Plaintiff and his father attempted to include in another case before the court, DKC 06-2598, by filing a motion for leave to file a second amended complaint on August 14, 2008.  (DKC 06-2598, Paper 56).  On March 17, 2009, the court denied that motion to amend for several reasons, including that it was untimely filed and would have prejudiced Defendants.  (DKC 06-2598, Paper 104 & 105).

Six months later, on September 29, 2009, Plaintiff filed this case, alleging one count that has a conglomeration of claims, including violation of 42 U.S.C. § 1983 for unlawful search and seizure, and a second count that asks the court to find Defendant City of New Carrollton vicariously liable for the individual Defendant's actions.  (Paper 1).  Defendants filed a motion to dismiss on December 21, 2009.  (Paper 3).  The motion is now fully briefed and the court is prepared to rule.

**II. Motion to Dismiss**

The relevant facts specific to this complaint and motion to dismiss are relatively straightforward.  Plaintiff says that on October 1, 2006, he was waiting in line at a convenience store when Defendant Ladd approached him and whispered "strange

2

comments" in his ear. (Paper 1 ¶ 8). Levy then left the convenience store. (*Id.*). Defendant Ladd then entered his unmarked car and pulled behind Plaintiff's car, preventing his exit from the parking lot. (*Id.*). Defendant Ladd exited his car, walked toward Plaintiff and "brandished his firearm." (*Id.*).[1] Plaintiff walked away again. Then Defendant Ladd returned to his car and allowed Plaintiff to exit the parking lot, and they both drove away. (*Id.* at ¶ 9). Plaintiff also seeks to incorporate all matters stated in previous cases, including DKC 06-2598. (*Id.* at ¶ 4).

Defendants move to dismiss both counts, arguing that (1) the claims are barred by the doctrine of *res judicata*, (2) the actions alleged did not violate Plaintiff's constitutional rights, (3) qualified immunity prevents prosecution, and (4) the city has no *respondeat superior* liability for an alleged

---

[1] The facts, as opposed to the conclusion, recited in the complaint are that Officer Ladd lifted his jacket so that Plaintiff could easily see the weapon. To brandish means to "wave (something) as a threat or in anger or excitement." Oxford English Dictionary, Ninth Edition (2002). In the Sentencing Guidelines, the definition has varied over time, but currently means "that all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, in order to intimidate that person, regardless of whether the weapon was directly visible to that person." U.S. Sentencing Guidelines Manual, § 1B1.1, application note 1(c) (2009).

3

violation of 42 U.S.C. § 1983.  (Paper 3, at 16-18).  Plaintiff opposes the motion.  (Papers 4 & 5).

**A.  Standard**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  The defense of *res judicata* may, under some circumstances, be raised in a motion to dismiss:

> This Court has previously upheld the assertion of res judicata in a motion to dismiss. *See Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th Cir.1967). Although an affirmative defense such as res judicata may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint," *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact, *see Day v. Moscow*, 955 F.2d 807, 811 (2d Cir.1992); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir.1984); *Briggs v. Newberry County Sch. Dist.*, 838 F.Supp. 232, 234 (D.S.C.1992), aff'd, 989 F.2d 491 (4th Cir.1993) (unpublished).

*Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000).

**B. Analysis**

Defendants argue that the doctrine of *res judicata* applies because Plaintiff previously tried to bring an identical claim against the same Defendants and the effort was rejected by this court. (Paper 3, at 9). Plaintiff argues that there can be no *res judicata* because "Plaintiffs [in the accompanying case] were not permitted in the first place to Amend the Pleading to include this § 1983 action." (Paper 4, at 3).

> In Maryland, a party asserting defensive claim preclusion must demonstrate the following three elements: (1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the earlier suit.

*Hall v. St. Mary's Seminary & University*, 608 F.Supp.2d 679, 684 (D.Md. 2009)(citing *Colandrea v. Wilde Lake Cmty. Ass'n,* 361 Md. 371, 389, (2000)). In their reply, Defendants amend their argument for *res judicata* to conform to the analysis required under claim-splitti`ng argument. (Paper 7, at 3).[2]

---

[2] At the time the motion was filed, *Levy v. New Carrollton, et al.*, DKC 06-2598 was still pending. The final claim has now been tried and a final judgment on the merits was entered on July 30, 2010.

The rule against "claim splitting," is the "'other action pending' facet of the res judicata doctrine.'" *Sensormatic Security Corp. v. Sensormatic Electronics Corp.*, 329 F.Supp.2d 574, 579 (D.Md. 2004)(citing *Davis v. Sun Oil Co.,* 148 F.3d 606, 613 (6th Cir. 1998)). Thus, when a suit – like the other case previously cited, DKC 06-2598 - is pending in federal court, "a plaintiff has no right to assert another action 'on the same subject in the same court, against the same defendant at the same time.'" *Id*. (citing *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138-39 (2nd Cir. 2000)).

In this case there is no question that the parties are the same (although there are fewer in the instant action than in the accompanying matter), and the court is the same. Plaintiff previously attempted to advance the allegations in the instant complaint in a motion to amend the complaint in a previous case. As noted above, this court denied that motion because of the timing of the request to amend. Had the allegations been timely asserted in the previous action, they could have been adjudicated. Therefore, although the specific facts supporting the new cause of action have not actually been heard on the merits in court, they could have been. Defendants argue, and this court agrees, that the facts advanced here are part of a series of transactions that Plaintiff has had with Defendants

6

over the course of several years. The time frame covered in DKC 06-2598 was from April 8, 2006 through November 13, 2006. The incident that is the subject of this new complaint allegedly occurred on October 1, 2006, the "day before one of Plaintiff Mark B. Levy's scheduled civil trials." The facts alleged here are, in other words, part of the same "subject" as the facts in the other pending case.

This court has previously held that

> Very often, the doctrine of claim splitting applies to bar a plaintiff from filing a new lawsuit after the court in an earlier action denied leave to amend the complaint to add those claims. *See Northern Assurance Co. of Am. v. Square D. Co.*, 201 F.3d 84, 87-88 (2d Cir. 2000)(citing string of cases dismissing claim in second suit that was duplicative of claim sought to be amended to first suit); *In re Kevco, Inc.*, 309 B.R. 458, 465-66 (Bkrtcy.N.D.Tex. 2004)(same). The preclusion of a claim not only prohibits a plaintiff from filing duplicative suits and from circumventing an earlier ruling of the court, it is in keeping with "the rule that a plaintiff must bring suit against the same defendant on all claims that relate to the same conduct, transaction or event at the same time." *Curtis,* 226 F.3d at 139.

*Sensormatic Security Corp.*, 329 F.Supp.2d at 579; see also *Hepburn v. National Center on Institutions and Alternatives, Inc.*, 409 F.Supp.2d 639, 642 (D.Md. 2006) and Wright, Miller & Cooper, 18 Fed. Prac. & Pro. § 4412 (2002) at 310-311. The issues that Plaintiff contends occurred in this action which

7

were not fully litigated in the other pending action could have been properly raised and litigated, but were not because Plaintiff failed to raise them in a timely manner (among other reasons).  Thus, at this time both the doctrines of *res judicata* and against claim splitting justify dismissing this action.

## III. Conclusion

For the foregoing reasons, the motion to dismiss will be granted and Plaintiff's complaint will be dismissed.  A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
